

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~XXXXXXXXXXXXXXXX~~PPEIRID
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable A. T. Freeman
County Attorney
Gaines County
Seminole, Texas

Dear Sir:

Opinion No. O-1875
Re: Whether or not Article 752cc
would prohibit the establishment
of a road district which would
overlap a political subdivision
which has road bonds now out-
standing.

We have received a request for an opinion on the above captioned
matter from the Honorable A. J. Roach, County Judge, but under Article
4399 of the Revised Civil Statutes we are prohibited from replying to
his request, hence this opinion is directed to you.

The facts stated in Judge Roach's letter are as follows:

"Gaines County Commissioners' Precinct Number
One comprises approximately the northeast quarter
of Gaines County. This precinct has issued and
now has outstanding $10,000 of Road Bonds issued
under Article 3, Section 52, of the Constitution.
The Commissioners' Court desires to establish a
road district consisting of all of the territory
in Commissioners' Precinct Number One, except a
strip of land along the north line of said pre-
cinct, which is also the north line of the county.
This strip of land contains about 5,120 acres."

Article 752cc of the Revised Civil Statutes of 1925 provides, in
part, that --

"No fractional part of a previously created
road district shall be included within the
limits of a road district created under the
provisions of this Act ****"

This statute, seemingly denying authority to the Commissioners' Court to create a road district in Gaines County consisting of all of the territory in Commissioners' Precinct Number One, except a certain strip of land, which under the present plan is to be excluded from the road district sought to be established, must be interpreted as a prohibition against such proposal unless an analysis of the balance of the Act should reveal otherwise. Basically, the question submitted is as follows:

"Whether or not the inhibition contained in Article 752cc against the creation of a road district, the territory of which would overlap a previously created road district, would apply to a political subdivision of the county that had bonds outstanding?"

Article 3, Section 52 of the Constitution, provides that the Legislature may authorize the issuance of road bonds by any of the following entities:

1. County.
2. Political subdivision of a county.
3. Any number of adjoining counties.
4. Any political subdivision of the State.
5. Any defined district.

It will be noted that this constitutional provision states that the Legislature may authorize the issuance of road bonds by any of the above named entities. The Legislature has passed certain laws designed to accomplish the purposes contemplated by the above cited constitutional provision, and the law now in effect thereunder is Chapter 16, Acts of the First Called Session of the Thirty-ninth Legislature, carried forward in Vernon's Revised Civil Statutes as Article 752a, et seq. This law was amended by the Fortieth Legislature, First Called Session, 1927, Chapter 75 and 92. We think, in order to properly construe the law, the entire Act governing the issuance of road bonds should be read together. The first section of the law enacted in 1926 has been carried forward in Vernon's Revised Civil Statutes as Article 752a, and reads, in part, as follows:

"Any county or any political subdivision of a county, or any road district that has been or may hereafter be created by any general or special law, is hereby authorized to issue bonds for the purpose of construction, maintenance and operation of macadamized, graveled, or paved roads and turnpikes, or in aid thereof ****"

We wish to call your attention to the language used as quoted above. It will be noted that the Act authorizes any county or any political subdivision of a county to issue bonds for the purpose stated, and likewise any road district that has been or may hereafter be created by general or special law is authorized to issue bonds for that purpose. This article then further provides:

> "Such bonds shall be issued in the manner hereinafter provided, and as contemplated and authorized by Section 52 of Article 3 of the Constitution of this State."

We think the meaning of this sentence is that such bonds may be issued only as provided in this Act. The article then defines the term "political subdivision," as used in the Act, and it is our opinion that the definition was not intended for the purpose of distinguishing a political subdivision from a road district; rather do we think that inasmuch as there are other types of political subdivisions located within counties, that it was the intention of the Legislature to limit the types of political subdivisions that should be authorized to issue bonds for road building purposes.

Article 752b provides the manner in which road bonds may be issued pursuant to the authorization contained in Article 752a. Article 752c grants to the Commissioners' Court of the several counties of the State the authority to establish road districts and commensurate with such grant of authority the manner of so establishing road districts is prescribed in this and subsequent articles. The point we are trying to make here is that under Article 752a the law refers to only such road districts as may have been or which may thereafter be created by any general or special law; that is, the Legislature retained the right to create road districts by general or special law, and then in a subsequent article extended to the Commissioners' Court of the several counties the authority to establish road districts and prescribed the steps to be taken by said Commissioners' Court in the creation thereof. Article 752cc, in plain words, states that the Commissioners' Court is without authority to incorporate a new road district which would embrace the fractional part of a previously created road district, except as is specifically permitted in the Act. It then becomes necessary to pursue the other provisions in order to determine the meaning of the phrase contained in Article 752cc, which reads -- "But except as herein specifically permitted."

Article 767e, we think, provides the manner and the only manner in which the Commissioners' Court may establish road districts, the area of which would fractionally overlap that of another road district previously created. Article 767a and subsequent articles are commonly referred to as the Compensation Bond Title.

At the First Called Session of the Fortieth Legislature in 1927, House Bill 81 was introduced and passed, which now bears article number 752cc. Section 1 of that Act reads as follows:

"That Section 3, Chapter 16, General Laws passed by the Thirty-ninth Legislature at its First Called Session, be amended by adding thereto Section 3a. Said Section 3a to hereafter read as follow: * * *"

This law was approved on June 7, 1927, effective the same day. Two days later House Bill 119 was introduced and passed. Section 1 thereof reads as follows:

"That Section 3 of Chapter 16 of the General Laws of the Thirty-ninth Legislature of the State of Texas, First Called Session, being Senate Bill #287, shall hereafter read as follows: * * *"

This amended law reads exactly as Section 3 of the original law, with the exception that the following provision was added:

"Provided that nothing in this Act shall be construed so as to prevent the creation of defined road districts and the issuance of bonds of said district in counties having outstanding county-wide road bonds, and said defined road districts may be created in such counties in the manner provided by statute for the creation of defined road districts and issuing the bonds thereof."

It seems clear to us that as an afterthought the Legislature realized that the inhibition contained in House Bill #81, above cited, now Article 752cc, would extend to county-wide road bonds as well as bonds of road districts and political subdivisions of the county, and it therefore endeavored to correct the law to that extent -- that is, to provide that road districts may be created even though there may be outstanding at the time road bonds of the county, commonly referred to as county-wide road bonds.

We think that when road bonds have been issued by a political subdivision, to all intents and purposes, it becomes a defined area and possesses the same characteristics as a defined road district. Therefore, it is our conclusion that Article 752cc would prohibit the Commissioners' Court from creating road districts, portions of which would overlap a political subdivision or another road district previously created and upon which bonds had been issued, except as is specifically permitted

under this Act by the issuance of compensation bonds. We have been unable to find any cases in point with the question submitted, but find considerable authority for statements hereinabove made in the case of San Antonio and A. P. Railway Company vs. State, 95 S.W. (2d) 680, to which you are referred.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/ Clarence E. Crowe

Clarence E. Crowe
Assistant

CEC-s: egw

APPROVED FEB 8, 1940
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWB - Chairman